UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

|  |  |  |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | COMPLAINT |
| v. | ) |  |
|  | ) |  |
|  | ) | JURY TRIAL DEMAND |
| MID SOUTH EXTRUSION, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jeffrey Wyant ("Charging Party" or "Jeffrey Wyant"), who was adversely affected by such practices.

As alleged with greater particularity in the Statement of Claims below, Defendant Mid-South Extrusion, Inc., ("Defendant" or "Mid-South") discriminated against Jeffrey Wyant when it discharged him on the basis of disability due to his reduced 50% lung capacity breathing restriction.

- 1 -

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f) (1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana, Monroe Division.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

An at all relevant time, Defendant Mid-South Extrusion Inc., ("Defendant" or "Mid-South"), has continuously been a corporation organized under the laws of the State of Louisiana, doing business within the State of Louisiana, and has continuously had at least 15 employees.

- 2 -

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.

More than thirty (30) days prior to the institution of this lawsuit, Jeffrey Wyant filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.

8.

Since at least August 2015, Defendant has engaged in conduct in Monroe, Louisiana which violates the ADA, 42 U.S.C.§12112(a)(b).

9.

On June 16, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief as alleged in the Letter of Determination.

10.

On July 11, 2017, Defendant mailed a letter to the Commission which was received on July 13, 2017 informing the Commission Defendant did not intend to engage in any conciliation discussions with the Commission to remedy the discriminatory practices described in the Letter of Determination.

11.

The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.

On July 24, 2017, the Commission issued a Notice of Failure of Conciliation.

13.

All conditions precedent to the institution of this lawsuit have been fulfilled.

14.

Jeffrey Wyant is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§12102 and 12111(8). Jeffrey Wyant has a lung impairment (50% lung capacity) that substantially limits the major life activity of breathing and/or Jeffrey Wyant has a record of such impairment and/or Defendant regarded Jeffrey Wyant as having a disability by discharging him because of an actual or perceived impairment.

15.

Defendant is a plastics manufacturer in Monroe, Louisiana.

16.

Defendant hired Jeffrey Wyant in September 2014 as a maintenance technician.

17.

Jeffrey Wyant was a good employee who was never disciplined while employed by Defendant for failure to perform the essential functions of his position.

18.

In December 2014, Jeffrey Wyant received an interim appraisal indicating he was a "solid performer".

19.

In mid-August, 2015, Jeffrey Wyant met with HR Manager Lisa Shore to discuss his available points to seek leave to have a heart catheter procedure on August 18, 2015. Charging Party returned to work on August 21, 2105.

20.

In this August 2015 meeting Jeffrey Wyant also informed Lisa Shore that he has a 50% breathing capacity in his lungs and an esophagus disease.

21.

On August 13, 2015, Lisa Shore sent an email to Jeffrey Wyant's Supervisor Charles Landry informing Landry that Wyant informed her he needed a heart catheter procedure. Additionally, Lisa Shore informed Charles Landry that she discussed other health issues with Jeffrey Wyant which "stem from having TB as a child and from working around asbestos."

22.

- 5 -

In this August 2015 email, Lisa Shore also informed Charles Landry that Jeffrey Wyant informed her his doctor told him he should get on disability, which "automatically raised a red flag for me….this really bothers me."

23.

In mid-September Jeffrey Wyant inhaled some dust that irritated his lungs while working on a machine that became overheated resulting in a coughing incident which was abated quietly by use of an inhaler.

24.

On September 21, 2015 Charles Landry sent an email to Lisa Shore informing her he was discharging Jeffrey Wyant because he was "not qualified to be a maintenance technician" instead of conducting his scheduled annual review.  If Jeffrey Wyant had not been terminated he would have received additional sick days and additional vacation hours.

25.

Charles Landry informed Jeffrey Wyant that he was being discharged because he had no "long term commitment to the company."

26.

Charles Landry also informed Jeffrey Wyant he was being discharged due to his disability and its related costs.

27.

Defendant never engaged Jeffrey Wyant in any discussions regarding any concerns it had with Jeffrey Wyant's performance.

28.

Defendant relied on the biased perceptions of Charles Landry and Lisa Shore to determine that Jeffrey Wyant was unable to perform his duties due to his 50% reduced lung capacity breathing restriction in violation of the ADA.  42 USC §12102(3)(A).

29.

Defendant discharged Jeffrey Wyant on September 21, 2015 (one day before his annual review when he would have vested in additional leave benefits) because of an actual or perceived impairment, although Jeffrey Wyant was performing the essential functions of his deckhand position.

30.

The practices complained of herein have deprived Jeffrey Wyant of equal employment opportunities by discharging him on the basis of his disability which violates the ADA.

31.

The unlawful employment practices complained of herein were intentional.

32.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or with reckless indifference to Jeffrey Wyant's federally protected rights.

33.

The unlawful employment practices complained of herein have caused Jeffrey Wyant to suffer economic injuries, including but not limited to lost wages, as well as non-pecuniary injuries.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from discharging any employee on the basis of disability within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Jeffrey Wyant by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to reinstate Jeffrey Wyant or to make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E.      Order Defendant to make whole Jeffrey Wyant by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.      Order Defendant to make whole Jeffrey Wyant by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G.      Order Defendant to pay Jeffrey Wyant punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H.      Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**RUDY SUSTAITA**
Regional Attorney
Equal Employment Opportunity
Commission
Houston District Office
1201 Louisiana Street, 6th Floor
Houston, Texas, 77002
Direct Line: (713) 651-4970
Email: rudy.sustaita@eeoc.gov

**GREGORY T. JUGE**
Supervisory Trial Attorney
La. Bar Roll No. 20890
Direct Line: (504) 595-2877
Email: gregory.juge@eeoc.gov

/s/Michelle T. Butler
**MICHELLE T. BUTLER (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 01286
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA  70130
Telephone:     (504) 595-2872 (Butler) (TA)
Fax:              (504) 595-2886
Email: michelle.butler@eeoc.gov
**COUNSEL FOR PLAINTIFF,**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

Ken A. Upshaw
2015 Jackson Street
Monroe, Louisiana  71202