**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | **CIVIL ACTION NO.** |
| | § | **3:17-01229** |
| **Plaintiff** | § | |
| **and** | § § | **JUDGE TERRY DOUGHTY** |
| **JEFFREY L. WYANT,** | § § | **MAG. JUDGE KAREN L. HAYES** |
| **Plaintiff-Intervenor** | § | |
| **v.** | § § | |
| **MID SOUTH EXTRUSION, INC.,** | § § | |
| **Defendant** | § | |

**CONSENT DECREE**

**INTRODUCTION**

Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against Defendant, Mid South Extrusion, Inc. in September 2017. The EEOC's Complaint and Amended Complaint allege that Mid South Extrusion, Inc. violated Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 when it discriminated against Jeffrey L. Wyant on the basis of disability. (*See* Rec. Doc. 3) Mid South Extrusion, Inc., filed an answer, denying liability. (*See* Rec.Doc. 6) The Complaints arise from Mr. Wyant's Charge of Discrimination ("Charge"), alleging the same. Prior to filing its Complaint and Amended Complaint, the EEOC issued a Letter of Determination ("Determination"), stating that there was reasonable cause to believe that Mid South Extrusion,

1

Inc. had discriminated against Mr. Wyant. The EEOC issued a Notice of Conciliation Failure after it was unable to secure a resolution acceptable to the EEOC.

Plaintiff Intervenor Jeffrey L. Wyant filed a Motion to Intervene on March 21, 2018 (See Rec. Doc. 18) The Motion was Granted on March 24, 2018. (*See* Rec. Doc. 20) The Intervenor Complaint filed on March 27, 2018, Incorporated the Complaint and Amended Complaint filed by the EEOC asserting claims of disability. (*See* Rec. Doc. 21) Mid South Extrusion, Inc. filed an answer, denying liability. (*See* Rec. Doc. 22)

## JURISDICTION & VENUE

Neither this Consent Decree nor the payment to Mr. Wyant under this Decree constitutes an admission of liability by Mid South Extrusion, Inc. In the interest of avoiding the costs, uncertainties, and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action is authorized and was instituted pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, venue lies within this Court pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3). The parties agree that this Court has personal jurisdiction over them. Mid South Extrusion, Inc. expressly agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ordered, adjudged, and decreed:**

### DURATION

1. This Consent Decree will remain in effect for a period of 2 years from the date of its entry. The EEOC may seek relief from the Court for a breach of the Decree at any time during that period or in the six (6) months following it.

### GENERAL PROVISIONS

2. This Decree resolves all claims and issues raised in Mr. Wyant's Charge, the EEOC's Determination regarding that Charge, the EEOC's Complaint and Amended Complaint in this action, Jeffrey L. Wyant's Intervenor Complaint in this action and the EEOC and Jeffrey L. Wyant waive all those claims and issues. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Mid South Extrusion Inc.

3. The EEOC, Jeffrey L. Wyant and Mid South Extrusion, Inc. must bear their own attorneys' fees and costs incurred in connection with this action.

4. This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

5. This Consent Decree constitutes the complete understanding between the EEOC, Jeffrey L. Wyant and Mid South Extrusion, Inc. with regard to the matters discussed herein.

6. If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the EEOC, Jeffrey L. Wyant and Mid South Extrusion, Inc. must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate the purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

7. The EEOC, Jeffrey L. Wyant and Mid South Extrusion, Inc. agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if the parties have consented in writing. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend the Decree.

8. Definitions.

    A. "Mid South Extrusion, Inc." or "Defendant" means and refers to the Defendant, Mid South Extrusion, Inc., and its predecessors, successors and assigns, and agents.

    B. "EEOC" or "Plaintiff" means the Plaintiff, U.S. Equal Employment Opportunity Commission, an agency of the United States.

    C. "Jeffrey L. Wyant" or "Plaintiff Intervenor" means the Plaintiff Intervenor, Jeffrey L. Wyant.

    D. "Charge" or "Charge of Discrimination" means Jeffrey L. Wyant's Charge of Discrimination, EEOC Charge No. 461-2016-00221.

    E. "Mr. Wyant" means Jeffrey L. Wyant and any person who may have rights through Wyant.

    F. "Days" means calendar—not business—days.

    G. "Effective Date" means the date the Court enters this Decree.

H.      "Court" refers to the United States District Court for the Western District of Louisiana, Monroe Division.

I.      "Consent Decree" and "Decree" are used interchangeably.

J.      "Liaison" means the representative appointed by Mid South Extrusion, Inc., to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

K.      "Person with a disability," or "employees or applicants with a disability" means a person who has a disability within the meaning of the ADA, whether under the "actual," "regarded as," or "record of" prong of the statute.

## SCOPE

9. This Decree applies to all facilities owned, operated, or controlled by Mid South Extrusion, Inc.

## PROHIBITED DISCRIMINATION & RETALIATION

10. While this Consent Decree is in effect, Mid South Extrusion, Inc., is hereby enjoined from any and all conduct violating the ADA, including but not limited to:

A.      Taking any action against any employee(s) because they are disabled, have a record of a disability or are perceived to be disabled without first engaging in an interactive discussion with the employee(s) to determine if they are able to perform the essential functions of their job with or without accommodation.

B.      Making any determinations on any employees' ability to perform the essential functions of their job because they are perceived to be a safety threat to themselves or others without first engaging in an interactive discussion with the employees or their

5

medical provider to determine if there is an actual threat of substantial harm and to determine if there is any accommodation which may lessen or alleviate any actual and/or perceived threat of substantial harm.

C. Conducting medical examinations regarding its employees and/or applicants physical and/or mental impairments based on their actual and/or perceived physical and/or mental impairments, or records thereof, that are not job-related and consistent with business necessity.

D. Making medical inquiries regarding its employees and/or applicants based on their actual and/or perceived physical and/or mental impairments, or records thereof, that are not job-related and consistent with business necessity.

E. Discriminating against its employees and/or applicants because of their actual disabilities or perceived disabilities, or records thereof, including by unlawfully placing them on forced leave or discharging them, particularly because of leave and/or associated medical costs.

F. Discriminating against its employees and/or applicants with disabilities by refusing to discuss the possibility of reasonable accommodation, including additional leave as an accommodation.

G. Discriminating against its employees and/or applicants because it knows or has reason to know that employees and/or or applicants with disabilities need or might need reasonable accommodations.

H. Failing or refusing to allow its employees and/or applicants to provide medical evidence relating to whether those employees and/or applicants are qualified.

6

    I.    Failing or refusing to consider any medical evidence provided by an employee or applicant—or an employee's or applicant's licensed health care provider—when considering whether an employee or applicant is qualified.

    J.    Determining that an employee or applicant is not qualified because of a physical or mental impairment without considering medical evidence from any licensed health care provider and/or the best available objective evidence.

    K.    Retaliating against any employee or applicant who (1) has filed or files this or any other charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation by the EEOC.

### INDIVIDUAL MONETARY RELIEF

11. Mid South Extrusion, Inc., agrees to pay Mr. Wyant $70,000 ($65,000 of which will not be subject to withholdings), within fifteen (15) days of the entry of this Consent Decree or within fifteen (15) days of Mid South Extrusion, Inc., receiving a release and U.S. Internal Revenue Service ("IRS") Form W9 executed by Mr. Wyant, whichever is later. Specifically, Mid South Extrusion, Inc. will submit a regular payroll check in the amount of $5,000 for lost wages subject to legal withholding and a check in the amount of $65,000 which shall represent relief compensable under 42 U.S.C. § 1981a and shall not constitute "wages" for tax purposes. Mid South must timely report the payment to the IRS via Forms 1099 and W-2, as necessary and appropriate. The checks will be made out to Mixon, Carroll & Frazer and Jeffrey Wyant and will

be mailed by certified mail to Mixon, Carroll & Frazier, P.O. Box 1619, Columbia, Louisiana 71418.

12.     Mid South Extrusion, Inc. must submit a copy of the checks to the EEOC within fifteen (15) days of submission of the payment(s) in the manner specified for notice under this Decree.

### INDIVIDUAL NON-MONETARY RELIEF

13.     When asked for a job reference regarding Mr. Wyant, Mid South Extrusion, Inc. must not discuss, mention, or allude in any way—directly or indirectly—to Mr. Wyant's filing of the Charge or engaging in any activity protected by law, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaints, Jeffrey L. Wyant's Intervention Complaint, or this Decree.  Further, when asked for such a job reference, Mid South Extrusion, Inc. must not make any statement which—directly or indirectly—negatively reflects on Mr. Wyant's candidacy for the job in question.

14.     Mid South Extrusion, Inc. must exclude from Mr. Wyant's personnel file, segregate, and keep confidential all documents, records, and information, whether electronic or otherwise, regarding Mr. Wyant's filing of the Charge, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaints, Jeffrey L. Wyant's Intervention Complaint, or this Decree. Mid South Extrusion, Inc. must alter Mr. Wyant's personnel file to indicate Mr. Wyant resigned, not that he was discharged.

### MID SOUTH EXTRUSION LIAISON

15.     Mid South Extrusion, Inc. must designate a Liaison within 15 days of the entry of this Decree. The Liaison must be an officer of Mid South Extrusion, Inc. who possesses the knowledge, capability, and resources to monitor Mid South Extrusion, Inc.'s compliance with the terms and conditions of the Consent Decree.

16. Mid South Extrusion, Inc. must assign to the Liaison the responsibility of ensuring it complies with the Decree. The Liaison must have the authority to act on behalf of Mid South Extrusion, Inc. with regard to the terms of the Consent Decree. Any act or failure to act by the Liaison will be attributable to Mid South Extrusion, Inc.

17. The Liaison must report to and be supervised by the president—or equivalent—of Mid South Extrusion, Inc.

18. Mid South Extrusion, Inc. must appoint a replacement Liaison within 15 days of the removal, resignation, or incapacitation of that—or any subsequent—Liaison.

19. Upon appointing an initial or a replacement Liaison, Mid South Extrusion, Inc. must provide notice to the EEOC within 15 days identifying the newly appointed Liaison's name, mailing address, e-mail address, telephone number, job title, work experience, education and training.

### GENERAL REPORT PROVISIONS

20. During the duration of this Consent Decree, Mid South Extrusion, Inc. must, through its Liaison, provide a General Report annually, as set forth below. The General Report must describe how Mid South Extrusion, Inc. has complied with the Decree and contain supporting evidence. If Mid South Extrusion, Inc. has failed to comply with the terms and conditions of the Decree, it must explain why it has not complied and provide a plan for remedying its failure to comply. But, by explaining why it has not complied, Mid South Extrusion, Inc. does not prevent the EEOC from moving to enforce the Decree for its failure to comply.

21. Further, during the operation of this Decree, the General Report to the EEOC must describe any complaint of disability discrimination and/or retaliation—whether formal or informal and whether written or oral—or investigation made under the anti-discrimination

policy, any violation found as a result of such a report or investigation, and any discipline taken and must likewise provide all supporting documentation.

22. The first General Report, for 2019, is due before November 30, 2019.

23. The second General Report, for the year 2020, is due before November 30, 2020.

24. The last General Report, for the year 2021, is due sixty (60) days before the expiration of the Decree.

## MID SOUTH EXTRUSION LIAISON TRAINING

25. In addition to other specified training obligations set forth in this Decree below, Mid South Extrusion, Inc., must provide each Liaison with at least two (2) hours of training, which must cover the terms and conditions of this Decree and how to ensure that Mid South Extrusion, Inc. complies with those terms and conditions, and how to prepare and submit each of the reports required under this Decree.

26. Mid South Extrusion, Inc. through its Liaison, must submit to the EEOC the identity of the Liaison Training trainer and the outline and materials for the training of the Liaison at least thirty (30) days after the Liaison is appointed. It must do so pursuant to procedures for providing notice under this Decree. The EEOC then has fifteen (15) days to reject the trainer or the outline and materials. Unless the EEOC agrees otherwise, the trainer must be an attorney with at least five (5) years of experience handling employment discrimination matters. If the EEOC rejects the trainer or the outlines and materials, Mid South Extrusion, Inc. through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within fifteen (15) days, pursuant to procedures for providing notice under this Decree. Liaison training must take place no later than thirty (30) days following (a) the expiration of the period by which the

EEOC must reject the trainer, outline, or materials; or (b) the EEOC's approval of the proposed trainer, outline, and materials, whichever occurs first.

### MID SOUTH EXTRUSION LIAISON TRAINING REPORT

27. Within fifteen (15) days of the completion of the Liaison training, Mid South Extrusion, Inc. through its Liaison, must submit a Liaison Training Report to the EEOC, describing the training and containing supporting documentation.

28. The Liaison Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of any Liaison who attended each training.

29. The Liaison Training Report must further contain an executed declaration by the Liaison that the Liaison attended the training and the date, time, and place of attendance. Any Liaison Training Report must likewise include a declaration by Mid South Extrusion, Inc. through its Liaison, attesting to its accuracy.

### MID SOUTH EXTRUSION EMPLOYEE TRAINING

30. Mid South Extrusion, Inc. through its Liaison, with assistance from an attorney, must provide each of its employees, including supervisors and managers, at least once per year while this Consent Decree is in effect, at least two (2) hours training regarding equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under the ADA. Each training session hereunder must include training regarding:

    A. The purpose and fundamentals of the ADA, including the definitions of the ADA; whether a person is qualified to perform the essential functions of the position with or without a reasonable accommodation; what constitutes reasonable accommodation under the ADA and what constitutes direct threat under the ADA.

      B.      What is prohibited and what is required under the ADA.

      C.      Mid South Extrusion, Inc.'s duties under the ADA.

      D.      Manager and Supervisory Responsibilities, and employee / applicant rights under the ADA.

      E.      Mid South Extrusion, Inc.'s procedures for engaging in an interactive process with an employee regarding their disability and the appropriate procedures for granting or denying a request for a reasonable accommodation.

      F.      Mid South Extrusion, Inc.'s anti-discrimination and complaint-reporting policies.

      G.      EEOC guidance on ADA and its administration.

31.      All such training must be in person.

32.      The first employee training must occur within seventy-five (75) days after Mid South Extrusion, Inc. completes its Liaison training.

33.      The second employee training must occur at least seventy-five (75) days before the second anniversary of the entry of the Consent Decree.

34.      Mid South Extrusion, Inc. through its Liaison, must submit to the EEOC, using the procedures for providing notice under this Decree, the identity of the trainer and the outline and materials for the training at least sixty (60) days prior to each training. The EEOC then has thirty (30) days to reject the trainer or the outline and materials. If the EEOC rejects the trainer, outlines, or materials within the thirty (30) day period, Mid South Extrusion, Inc. through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within fifteen (15) days. The EEOC's failure to reject the trainer, materials, or outline within the thirty (30) day period shall be deemed as an acceptance of the trainer, outline, and materials.

### MID SOUTH EXTRUSION EMPLOYEE TRAINING REPORT

35.     Mid South Extrusion, Inc. through its Liaison, must submit an Employee Training Report to the EEOC, describing the training and containing supporting documentation, within fifteen (15) days of each such training. The Employee Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of the employees who attended each training. The Employee Training Report must further contain an executed declaration by each employee that they attended the training (such a declaration may be in the form of a sign-in registry but must contain the clearly-printed name of each employee, in addition to his / her signature). The Employee Training Report must likewise include a declaration by Mid South Extrusion, Inc. through its Liaison, attesting to its accuracy under penalty of perjury.

### ANTI-DISCRIMINATION POLICY

36.     Within ninety (90) days from the entry of this Decree, and to the extent it does not otherwise have such a policy, Mid South Extrusion, Inc. must adopt an anti-discrimination policy which must be submitted to the EEOC for approval. The EEOC will have thirty (30) days to approve or reject said policy. Once approved, it is to be included in the Defendant's personnel manual/handbook and is to be distributed to all employees within thirty (30) days after approval by the EEOC.

37.     This anti-discrimination policy must, at a minimum, meet the following criteria regarding the Americans with Disabilities Act prohibitions:

   A.   Prohibits discrimination against any employee and/or applicant on the basis of disability in violation of the ADA.

B.      Prohibits any act, policy, or practice that has the effect of discriminating against any employee and/or applicant on the basis of disability in violation of the ADA.

C.      Ensures that persons who seek medical leave and return to work are afforded protections from actions based on perceived concerns without proper medical documentation to support these perceptions, including any perceived safety or direct threat concerns.

D.      Prohibits actions taken against an employee who is disabled or perceived to be disabled or has a record of a disability without engaging in an interactive process with the employee to ensure they are able to perform the essential functions of their job with or without accommodation.

E.      Provides immediate notice in writing to any employee and/or applicant who reports discrimination and any employee and/or applicant reported to be the victim of discrimination of the victim's right to file a charge of discrimination with the EEOC and provides such an employee and/or applicant with the telephone number, address, e-mail address, and website address of the EEOC's New Orleans Field Office.

F.      Provides a process for reporting and/or complaining about discrimination and/or retaliation prohibited by the ADA and a process for requesting reasonable accommodations under the ADA that provides accessible avenues of complaint which shall identify the contact names, addresses (including email) and telephone numbers for persons to complain and report suspected work place discrimination.

G.      Provides a complaint and reporting process that protects the confidentiality of any complaints to the extent possible and provides a prompt, thorough, and impartial

investigation and assurances that the Defendant will take immediate and appropriate corrective action.

  H.  Provides that anyone who engages in retaliation prohibited by the ADA will be disciplined, up to and including discharge.

38. This policy will also be posted in a conspicuous and accessible place for all employees and printed in a font that is easily legible (at least 12-point font). This policy will be consistent with law and the Commission's regulations and guidance.

39. During the operation of this Decree, the General Report to the EEOC must describe the implementation of (and, if necessary, any subsequent alteration of) its anti-discrimination policy and must contain supporting documentation, including the anti-discrimination policy itself.

40. Within on one hundred and twenty (120) days of the effective date of this Decree, Defendant will certify to the Commission, under penalty of perjury, that this policy has been distributed and posted as discussed above.

41. Further, as discussed above, in its General Report to the EEOC, the Defendant must describe any complaint of disability discrimination and/or retaliation—whether formal or informal and whether written or oral—or investigation made under the anti-discrimination policy, any violation found as a result of such a report or investigation, and any discipline taken and must likewise provide all supporting documentation.

### MID SOUTH EXTRUSION RECORDS PRESERVATION

42. During the operation of this Decree, Mid South Extrusion, Inc. must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

43. During the operation of this Decree, Mid South Extrusion, Inc., must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

44. Mid South Extrusion, Inc. must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and/or the ADA and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver, diminution, or obviation of the recordkeeping and reporting requirements imposed by federal law.

### EEOC AND MID SOUTH EXTRUSION ATTORNEY NOTICES

45. All notices, reports, and information to the EEOC required under this Decree—including but not limited to the General Reports, Liaison Training Reports and Employee Training Reports—must be submitted to the EEOC in an email sent to **all** of the following email addresses:

>  michelle.butler@eeoc.gov
>  alexandra.navarre-davis@eeoc.gov
>  gregory.juge@eeoc.gov
>  johnny.lundie@eeoc.gov

In addition, these may be submitted to the EEOC via certified United States mail at the following address:

>  Attn: Legal Unit
>  U.S. Equal Employment Opportunity Commission
>  New Orleans Field Office
>  Hale Boggs Federal Building
>  500 Poydras St., Suite 809
>  New Orleans, LA 70130

46. Any notices for Mid South Extrusion, Inc. shall be sent to:

Case 3:17-cv-01229-TAD-KLH Document 48 Filed 03/22/19 Page 17 of 20 PageID #: 2805

      Brian P. Bowes [BBowes@hpblaw.com]
      Jay P. Adams [JAdams@hpblaw.com]
      **HUDSON, POTTS & BERNSTEIN**
      1800 Hudson Lane
      Post Office Drawer 3008
      Monroe, La. 71210-3008

      Robert J. David [rjd@juneaudavid.com]
      **JUNEAU DAVID**
      P.O. Drawer 51268
      Lafayette, LA 70505-1268

47. Only an acknowledgment from the EEOC via regular United States mail or by email constitutes proof of receipt of such notices, reports, or information.

48. The EEOC may, from time to time, designate others to receive notices, reports, and information under this Decree.

## EMPLOYEE NOTICE

49. Mid South Extrusion, Inc. must post a Notice to Employees—attached hereto as Exhibit A—on its premises within ten (10) days of the entry of this Decree. The Notice to Employees must be enlarged to at least eleven (11) by seventeen (17) inches, and it must be posted conspicuously where other notices to applicants and employees are customarily posted. It must remain there for at least three (3) years from the entry of this Decree. The Liaison must ensure that this obligation is met.

    Monroe, Louisiana, this 22nd day of March, 2019.

                                          HON. TERRY A. DOUGHTY
                                          UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT**:

**FOR THE PLAINTIFF:**

    **JAMES L. LEE**
    Deputy General Counsel
    **GWENDOLYN YOUNG REAMS**
    Associate General Counsel

    **RUDY SUSTAITA**
    Regional Attorney
    Houston District Office
    Texas Bar Roll No. 195523560
    E-Mail: rudy.sustaita@eeoc.gov

    **GREGORY T. JUGE**
    Supervisory Trial Attorney
    La. Bar Roll No. 20890
    Telephone: (504) 676-8239
    Email: gregory.juge@eeoc.gov

    **/s/Michelle T. Butler**
    **MICHELLE T. BUTLER (T.A.)**
    Senior Trial Attorney
    La. Bar Roll No. 1286
    Telephone: (504) 595-2872
    Fax: (504) 595-2884
    Email: michelle.butler@eeoc.gov

    **ALEXANDRA NAVARRE-DAVIS**
    Senior Trial Attorney
    La. Bar Roll No. 35000
    Telephone: 504-595-2914
    Email: alexandra.navarre-davis@eeoc.gov
    **U.S. EQUAL EMPLOYMENT**
    **OPPORTUNITY COMMISSION**
    New Orleans Field Office
    500 Poydras Street - Suite 809
    New Orleans, Louisiana 70130
    **COUNSEL FOR PLAINTIFF-EEOC**

**FOR THE DEFENDANT:**

    **/s/ Brian P. Bowes**
    **BRIAN P. BOWES**
    La. Bar Roll No. 20120

        **JAY P. ADAMS**
        La. Bar Roll No. 18755
        **HUDSON POTTS & BERSTEIN, LLP**
        1800 Hudson Lane, Suite 300
        P.O. Drawer 3008
        Monroe, Louisiana 71210-3008
        Telephone: (318) 388-4400
        Fax: (318) 322-4194
        E-Mail: BBowes@hpblaw.com
        JAdams@hpblaw.com
        **COUNSEL FOR DEFENDANT**
        **MID SOUTH EXTRUSION, INC.**


        **/s/ Robert J. David, Jr.**
        **ROBERT J. DAVID, JR.**
        La. Bar Roll No. 21554
        **JUNEAU DAVID**
        P.O. Drawer 51268
        Lafayette, LA 70505-1268
        Telephone: (337) 269-0052
        Fax: (337) 269-0061
        Email: rjd@juneaudavid.com
        **COUNSEL FOR DEFENDANT**
        **MID SOUTH EXTRUSION, INC.**

**FOR PLAINTIFF-INTERVENOR**
**JEFFREY L. WYANT**        **/s/James L. Carroll**
        **JAMES L. CARROLL**
        La. Bar Roll No. 28322
        **MIXON, CARROLL & FRAZIER, PLLC**
        P.O. Drawer 1619
        Columbia, La. 71418
        Telephone: (318) 649-9284
        Fax: (318) 649-0277
        Email: jcarroll@mixoncarroll.com
        **COUNSEL FOR PLAINTIFF INTERVENOR**
        **JEFFREY L. WYANT**

**EXHIBIT A**

**NOTICE TO EMPLOYEES**

Discrimination against an employee on the basis of disability can violate federal law, specifically the Americans with Disabilities Act, as amended (ADA). Federal law prohibits an employer from discriminating against an employee on the basis of disability and also requires that an employer maintain an environment in which other employees do not discriminate on such basis. Federal law further prohibits an employer from retaliating against an employee who, in good faith, reports that their employer discriminated on such basis, who reports that their employer allowed others to discriminate on such basis, who files a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), or who participates in the investigation or prosecution of such a charge.

Mid South Extrusion, Inc. will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation against any employee for reporting such discrimination. Such discrimination can violate both federal law and Mid South Extrusion, Inc., anti-discrimination policy. Any employee who violates the law and our policy will be subject to substantial discipline, up to and including termination.

The posting of this Notice to Employees by Mid South Extrusion, Inc. does not constitute an admission of any liability under federal law.

If you believe you or another employee have been discriminated against on the basis of your disability, please contact the EEOC:

> Attn: Legal Unit- U.S. EEOC
> 500 Poydras Street, Suite 809
> New Orleans, LA 70130
> Telephone: (504) 595-2872; (504) 595-2914
> E-mail: michelle.butler@eeoc.gov; or
> alexandra.navarre-davis@eeoc.gov
> Website: www.eeoc.gov

You may also report your concerns using the procedures set forth in Mid South Extrusion, Inc. policy against discrimination.

This Notice to Employees must remain posted continuously by Mid South Extrusion, Inc. for three (3) years from the date below and must not be altered, defaced, removed, or covered.

    Signed this _____ day of _____, 2019

                                   for _____
                                          **Mid South Extrusion, Inc.**